## In re SPREEN.

### Patent Appeal No. 3027.

Court of Customs and Patent Appeals.

Dec. 19, 1932.

Ralph E. Baker, of Detroit, Mich. (J. W. Milburn, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The application of the appellant in this case involves six claims for patent upon a mechanical refrigerator. The Board of Appeals having affirmed the Examiner's rejection, the instant appeal to this court was taken.

Claim 87 is quoted as representative:

"87. A refrigerator comprising a heat insulated cabinet having a plurality of vertical walls closed at the ends by horizontal top and bottom walls, one of said vertical walls having a single opening formed throughout substantially the entire extent thereof and communicating with a compartment formed in the interior of said cabinet walls, a refrigerant evaporator rigidly suspended from a wall of said insulated cabinet in alignment with said opening and disposed in spaced relation to the side and top walls of said cabinet for free circulation of air in the compartment entirely around the evaporator, a freezing compartment comprising a sleeve disposed in the interior of the evaporator for supporting freezing trays directly insertible and removable through the aforesaid opening, a vertically disposed baffle adjacent the vertical front wall of the evaporator and having a baffle opening communicating with the freezing compartment for permitting the horizontal movement of the trays into the compartment through the baffle, a series of horizontally disposed shelves supported by the side walls of the compartment in alignment with said single opening and beneath the evaporator, and a swinging door for closing said single opening whereby direct access may be had to the aforesaid shelves, baffle opening, freezing trays and evaporator."

It is conceded that all the elements mentioned in the claims are old in the art, but invention is claimed in the combination.

The rejection was based upon lack of invention over prior art as disclosed in the following references: Sullivan, 652,408, June 26, 1900; Whitaker, 795,015, July 18, 1905; Emerson et al., 962,704, June 28, 1910; Tibbetts, 1,312,932, August 12, 1919.

In both the decision of the Examiner and that of the Board of Appeals specific application is made of the features of the references to the features of the claims. We have examined the matter with care, and fail to find wherein invention is involved in combining the elements as applicant has. No new result has been obtained, and each element in its new relation performs practically the same function that it performed in the old relation.

To enter upon a minute analysis of the device and of the references could serve no good, or even interesting, purpose, since the tribunals of the Patent Office have quite fully covered the ground.

The decision of the Board of Appeals is affirmed.

Affirmed.